**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETWORK-1 TECHNOLOGIES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00667-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Opposed Motion to Focus Asserted Patent Claims (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants," or "Samsung"). (Dkt. No. 48.) Having considered the Motion, the Court finds that it should be and hereby is **DENIED WITHOUT PREJUDICE**.

## I.      BACKGROUND

Plaintiff Network-1 Technologies, Inc. ("Plaintiff," or "Network-1") filed its Complaint against Samsung on June 27, 2025. (Dkt. No. 1.) Network-1 filed an Amended Complaint, which remains operative in this case, on October 22, 2025. (Dkt. No. 37.) Samsung filed the instant Motion on January 13, 2026. (Dkt. No. 48.)

Under the current case schedule, the Court has set the above-captioned case's *Markman* hearing for December 14, 2026. (Dkt. No. 26.) The parties are set to begin the claim construction process on August 10, 2026. (*Id*. at 4.)

## II.      LEGAL AUTHORITY

A district court may limit the number of a plaintiff's claims, and may do so prior to claim construction unless such an order would "unfairly prejudice[] the claimant's opportunity to present its claim." *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311 (Fed. Cir. 2011). Courts in the Eastern District of Texas may require a plaintiff to limit the amount of claims asserted, even prior to claim construction, where such narrowing may "aid in efficiency." *See, e.g., Round Rock Rsch., LLC v. Dell*,  No. 4:11-cv-00332, 2012 WL 8017390, at *2 (E.D. Tex. Mar. 26, 2012). However, courts must also be careful to avoid ordering claim reduction "too early in the discovery process because doing so would deny the patentee the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity." *Allergan, Inc. v. Teva Pharm. USA, Inc.*, Case No. 2:15-cv-01455, Dkt. No. 265 at 3 (E.D. Tex. Jan. 26, 2017) (citing *In re Katz*, 639 F.3d 1309).

## III.     ANALYSIS

Samsung asks this Court to require the parties to focus the patent claims and prior art asserted in this case consistent with this Court's Model Order. (Dkt. No. 48 at 1.) Samsung argues that Network-1's current assertion of 85 claims across six patents "creates an unnecessary burden on Samsung and this Court," particularly in light of Network-1's refusal "to agree to any narrowing whatsoever before claim construction." (*Id.*) Network-1 responds that it "believes that an entry of an order at this time is premature," given that discovery is ongoing and that the claim construction process is not set to begin until August 10, 2026. (Dkt. No. 52.)

The Court agrees with Samsung that the 85 claims across six patents asserted in this case makes for an unwieldly case, and will likely be too expansive for the Court to accommodate under its usual claim construction process. However, Network-1's point that the case is in its early stages and even the earliest claim construction-related deadline is still over three months away is well

2

taken. Accordingly, the Court remains hopeful that the parties will be able to engage in productive narrowing themselves, without intervention from the Court, prior to the beginning of the claim construction process. Should such narrowing fail to occur, Samsung may reassert these arguments at a later date. Under these circumstances the Court will be better able to view these issues with fresh eyes. The parties are aware that their own managed narrowing is most often preferable to narrowing that the Court might be forced to undertake without the parties' internal perspectives.

## IV.    CONCLUSION

For the reasons discussed herein, Samsung's Motion to Focus Asserted Patent Claims (Dkt. No. 48) is **DENIED WITHOUT PREJUDICE**. Samsung may move again to focus the patent claims and prior art asserted in this case if appropriate and material narrowing has not already occurred during the natural progression of this case. This Second Motion to Focus, if it is necessary, may be filed no sooner than **seventy-five (75) days** from the date of this Order.

**So ORDERED and SIGNED this 23rd day of April, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

3